**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **TRAVIS S. PIERCE,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **NO. 5:26-CV-00117-TES-CHW** |
| **VS.** | : | |
| | : | |
| **GEORGIA DEPARTMENT OF** | : | |
| **CORRECTIONS,** *et al.*, | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| **Defendants** | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

_____

**ORDER**

*Pro se* Plaintiff Travis S. Pierce filed a Complaint seeking relief pursuant to 42

U.S.C. § 1983 prior to his release from Ware State Prison in Waycross, Georgia.  ECF

No. 1.  Plaintiff requests leave to proceed *in forma pauperis*.  ECF No. 8.  Plaintiff's

request to proceed *in forma pauperis* is **GRANTED**.  Plaintiff must now recast his

complaint to state a claim for which relief may be granted.

**INITIAL REVIEW OF COMPLAINT**

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial

screening of a prisoner complaint "which seeks redress from a governmental entity or

officer or employee of a governmental entity."  A *pro se* prisoner complaint is subject to

dismissal prior to service if the court finds that the complaint, when construed liberally and

viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief

may be granted.  *See id*.

Plaintiff's claims arise from his previous incarceration in the Georgia Diagnostic

& Classification Prison ("GDCP") in Jackson, Georgia.   ECF No. 1 at 4.   Plaintiff complains about the administrative actions that occurred upon his arrival, including removal of his clothes and property, being "made to complete exercise with injured body," being sprayed with substances to remove lice, and having his beard shaved off. *Id*. at 4-5.   Plaintiff also contends that there "was lots of verbal abuse and cursing and threatening on the way to the housing unit."   *Id*. at 5.   Plaintiff claims that the condition of the prison facility and the mismanagement of other prisoners posed a risk of danger to his health and safety.   *Id*. at 5-7.   Plaintiff seeks damages and injunctive relief.[1]   *Id*. at 8.

Plaintiff names the State of Georgia, Georgia Department of Corrections, and Georgis State Board of Corrections as Defendants.   ECF No. 1 at 1, 2.   None of these named Defendants is an actionable party to a § 1983 claim.   The Eleventh Amendment bars a §1983 action against the State of Georgia and its agencies, such as the Georgia Department of Corrections and the Georgis State Board of Corrections, regardless of whether a plaintiff seeks monetary damages or injunctive relief. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment bar to suit

---

[1]  "The general rule is that a detainee's transfer or release from a jail moots that detainee's claims for injunctive relief."   *Rau v. Moats*, 772 F. App'x 814, 817 (11th Cir. 2019) citing *McKinnon v. Talladega Cnty.*, 745 F.2d 1360, 1363 (11th Cir. 1984)); *see also Owens v. Centurion Med.*, 778 F. App'x 754, 759 (11th Cir. 2019) (finding that even if prisoner Plaintiff proved his deliberate indifference claims against MCI and Centurion, neither the Eleventh Circuit nor the district court could grant any effectual relief whatsoever to the prisoner).   Since Plaintiff is no longer imprisoned at GDCP, then his requested injunctive relief is unavailable to him.

against state applies "regardless of the nature of the relief sought."); *Will v. Mich. Dep't of State Police*, 491 U.S. 98, 71 (1989) (explaining that the state and its agencies are not "persons" for the purposes of § 1983 liability); *Leonard v. Dep't of Corr.*, 782 F. App'x 892, 894 (11th Cir. 2007) (noting the Eleventh Amendment bars suit against the Georgia Department of Corrections).   Thus, Plaintiff's claims against Defendants State of Georgia, the Georgia Department of Corrections, and the Georgia State Board of Corrections are subject to dismissal.

Plaintiff's remaining Defendants are the Commissioner of the Georgia Department of Corrections Tyrone Oliver and GDCP Warden Jacob Beasley.   ECF No. 1 at 1, 2. There are no allegations within the complaint, however, that specifically link either Defendant to any unconstitutional act.   *See id*. at 2-7.   A district court properly dismisses a claim when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation.   *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be "proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").   "[S]ection 1983 requires proof of an affirmative causal

connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (quotation marks and citations omitted). Because Plaintiff does not link his claims to Defendants Oliver and Beasley, his claims against them are subject to dismissal.

If Plaintiff is pursuing his claims based exclusively on the supervisory role of Defendants Oliver and Beasley, Plaintiff's claims would still be subject to dismissal. Supervisory officials such as Prison Commissioners, Wardens, and Deputy Wardens cannot be held liable under § 1983 solely on the basis of *respondeat superior* or vicarious liability. *See, e.g., Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) (internal quotation marks omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."). Instead, to establish liability against a supervisor, a prisoner must allege facts showing a causal connection between the supervisory defendants' actions and an alleged constitutional violation, by showing that the supervisor personally participated in the alleged constitutional violation, directed subordinates to act unlawfully, or knew that subordinates would act unlawfully but failed to stop them. *Keating*, 598 F.3d at 762.

Plaintiff has presented no specific factual allegations to establish a causal connection between any action of any Defendant in a supervisory role and any constitutional violation. *See Hernandez v. Fla. Dep't of Corr*., 281 F. App'x 862, 866-67 (11th Cir. 2008) (*per curiam*) (rejecting claim where the plaintiff failed to allege decision

4

making officials took specific actions amounting to a constitutional violation); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

As for Plaintiff's §1983 claim for deliberate indifference to safety under the Eighth Amendment, Plaintiff must show "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019). "The first element of an Eighth Amendment claim—a substantial risk of serious harm—is assessed under an objective standard." *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal citation omitted). To prevail, the prisoner must show "conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety." *Marbury*, 936 F.3d at 1233 (quoting *Lane*, 835 F.3d at 1307). To establish the second element of deliberate indifference, a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc) (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994). Stated another way, a plaintiff can establish deliberate indifference if he demonstrates that a corrections official objectively "responded to [a] known risk in an unreasonable manner,

5

in that he or she knew of ways to reduce the harm but knowingly or recklessly declined to act." *Marbury*, 936 F.3d at 1235-36 (internal quotation marks omitted).   It is not enough to show that the defendant should have known of the risk but did not, as actual knowledge is the key.   *See Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996); *Carter,* 352 F.3d at 1350 (finding that "a generalized awareness of risk in these circumstances does not satisfy the subjective awareness requirement.").   As to the third element of causation necessary for a deliberate indifference to safety claim, "the plaintiff must show a 'necessary causal link' between the officer's failure to act reasonably and the plaintiff's injury. *Marbury*, 936 F.3d at 1233 (citation omitted).   This inquiry focuses "on whether an official's acts or omissions were the cause—not merely a contributing factor—of the constitutionally infirm condition." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993).   Plaintiff has failed to satisfy any element of a deliberate indifference to safety claim against any of his named Defendants.

It thus appears upon preliminary review that Plaintiff's complaint is subject to be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim for which relief may be granted.   Because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one opportunity to remedy the defects with his complaint as explained above.   *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam).   Therefore, Plaintiff is now required to submit a recast complaint if he wishes to proceed.   The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name

only the individuals associated with the claim that he is pursuing in this action. It is recommended that, when drafting his statement of claims, Plaintiff provide responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

(1)   *How* and *when* did the Defendant become aware of a substantial risk that you could suffer a serious injury at the hands of another inmate?

(2)   *What* did this Defendant do (or not do) in response to this knowledge?

(3)   Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?

(4)   *How* were you injured as a result of each Defendant's actions?

Plaintiff must recast his complaint on the Court's standard § 1983 complaint form. Plaintiff must honestly and completely answer every question presented on the form including but not limited to his efforts to exhaust his administrative remedies through the prison's grievance procedure and Plaintiff's previous litigation history. Plaintiff is notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Schreane v. Middlebrooks,* 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam); *Barber v. Krepp,* 680 F. App'x 819, 821 n.2 (11th Cir. 2017) (declining to consider allegations in *pro se* petitioner's initial pleading since it would have been superseded by the subsequent amended pleading). Thus, Plaintiff's amended complaint will take the place of his original complaint. In other

words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim.   Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. Plaintiff is advised that if he fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.   If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed. *See* Fed. R. Civ. P. 20; *Toenniges v. Warden*, 672 F. App'x 889, 890 (11th Cir. 2016) (per curiam) (citing   Fed. R. Civ. P. 20(a)) (holding that district court did not abuse its discretion in dismissing as improperly joined claims against two defendants which did not "arise out of the same transaction, occurrence, or series of transactions or occurrences".).

Plaintiff should state his claims as simply as possible.   He need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.   *See* Fed. R. Civ. P. 8.   Plaintiff is not to include any exhibits or attachments with his complaint.   ***The recast complaint cannot be longer than ten pages in its entirety***.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* (ECF No. 8) is **GRANTED**. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint on the Court's standard § 1983 form as instructed.   While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing

address.   **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.**   There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form along with his service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court.

**SO ORDERED and DIRECTED**, this 8th day of June, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge